# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

IN RE:

**DUFFUS & ASSOCIATES, P.A.**
      **Debtor.**             **Case No. 05-03886-8-JRL**
                                **Chapter 11**

## ORDER

    This case is before the court on the debtor-in-possession's application to employ an attorney. On June 28, 2005, the court conducted a hearing on this matter in Wilson, North Carolina. The court took the matter under advisement. It gave the debtor-in-possession and Bankruptcy Administrator the opportunity to file briefs in support of their positions regarding whether the subject attorney and law firm meet the "disinterested" requirement under 11 U.S.C. § 327(a) to be an employed professional on behalf of the debtor-in-possession.

    On May 12, 2005, the debtor-in-possession filed a petition for relief under Chapter 11. Thereafter, on May 24, 2005, the debtor-in-possession filed an application to employ Trawick H. Stubbs, Jr., and Stubbs & Perdue, P.A. (collectively "Stubbs") to represent the estate as attorney throughout the Chapter 11 proceeding. Stubbs began representing the debtor regarding its financial troubles on December 3, 2004. On January 3, 2005, the debtor's principal, J. David Duffus, Jr., died. Pursuant to the affidavit accompanying the application, Stubbs assisted the debtor's new owner, Diane Duffus, "in winding down the law practice and assisting her with the financial problems and issues of the firm." On March 6, 2005, Stubbs received $45,000.00 from the debtor that was deposited into Stubb's trust account. From those

1

funds, $44,999.99 was paid to Stubbs for fees and expenses incurred from December 3, 2004 through March 14, 2005. At the time the petition was filed, the debtor owed Stubbs a balance of $35,660.84. John W. King, an attorney with Stubbs, represents the estate of J. David Duffus, Jr.

On June 1, 2005, the Bankruptcy Administrator filed a response opposing the employment of Stubbs. She asserted that there was a conflict of interest arising from the firm's representation of both the debtor-in-possession and the estate of J. David Duffus, Jr., a major creditor in the case. The Bankruptcy Administrator also asserted that, because Stubbs is owed $35,660.84 for pre-petition services, Stubbs is a creditor of the debtor-in-possession and is not disinterested, as required by 11 U.S.C. § 327(a).

At the hearing, the Bankruptcy Administrator proposed that the estate of J. David Duffus, Jr., be represented by another attorney regarding the estate's claim against the debtor-in-possession. The debtor agreed to the proposal, and the court accepted it. That eliminated the conflicting interest of simultaneously representing the debtor-in-possession and the decedent's estate. The remaining issue is whether, considering the pre-petition debt owed to Stubbs, the firm qualifies as "disinterested" under § 327(a).

Pursuant to 11 U.S.C. § 327(a), "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." Although the section refers to "trustee's duties," those duties also apply to debtors-in-possession. 11 U.S.C. § 1107(a). "Disinterested person," in pertinent part, is defined as one who "is not a creditor." 11 U.S.C. § 101(14). The standard set forth in § 327(a) must be considered in connection with § 1107(b), which states: "Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely

2

because of such person's employment by or representation of the debtor before the commencement of the case."

In Harold & Williams Development Company v. U.S. Trustee, 977 F.2d 906, 909 (4th Cir. 1992), the Fourth Circuit stated that a bankruptcy court's discretion is "carefully circumscribed" by the terms of § 327(a), and the court "may only approve the appointment of a 'disinterested person,' cf. 11 U.S.C. § 101(14)(defining 'disinterested'), and may not approve the appointment of a professional who holds or represents 'an interest adverse to the estate.'" It stated that the standards set forth under § 327(a), (c), and (f) are "congressionally established per se rules." Id. at 909. It referred to them as the "few absolute disqualifications Congress has established" when approving the employment of professionals and said they are "carefully delineated and narrowly tailored." Id. at 909-910. Once a trustee or debtor-in-possession meets the burden of showing that a professional is qualified under § 327, the court must use its discretion in a way that "best serves the objectives of the bankruptcy system," including the "protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding." Id. at 910.

In light of the above Fourth Circuit standard, the court turns to whether Stubbs is qualified under § 327. Clearly, the debt of $35,660.84 owed to Stubbs at the time of the bankruptcy filing makes Stubbs a creditor of the debtor-in-possession. Routinely, as pointed out by the Bankruptcy Administrator, the court will permit an attorney to waive the pre-petition fees in order to be deemed "disinterested." Alternatively, an attorney will bill the debtor-in-possession for pre-petition services and will remove the amount of pre-petition fees from funds held in the attorney's trust account prior to filing the petition. In this case, the attorney applied the funds held in escrow to the pre-petition debt, yet not enough funds were available to

3

cover the balance. The Bankruptcy Administrator urges the court to absolutely bar a professional with any pre-petition claim against the debtor-in-possession from representing a trustee or debtor-in-possession. U.S. Trustee v. Price Waterhouse, 19 F.3d 138, 141 (3d. Cir. 1994)(finding that the statutory provisions "unambiguously forbid a debtor-in-possession from retaining a pre-petition creditor to assist in the execution of its Title 11 duties"). The size of the pre-petition debt in this case draws particular attention.

In the affidavit accompanying the application for employment, Stubbs stated that the pre-petition balance of $35,660.84 was for services performed in "anticipation of the Chapter 11 filing." The debtor-in-possession asserts that this district has adopted a doctrine whereby the pre-petition claim is not required to be waived when the services at issue are rendered "in contemplation of filing." In support of its position, the debtor-in-possession cites to a few cases in the district that the court has carefully reviewed. In In re Johnson, Case No. 04-09864-8-JRL (Bankr. E.D.N.C. 2005), the debtors-in-possession applied for the employment of Stubbs as their attorney. In the accompanying affidavit, Stubbs disclosed that his firm had incurred legal fees and expenses in the amount of $12,725.05 for pre-petition services, and that $2,240.05 of that debt was still outstanding when the debtors-in-possession filed their petition. Stubbs stated that the $2,240.05 was for work performed "in anticipation of the Chapter 11 filing." There were no objections to the application, and the court authorized Stubbs' employment. In In re W.E. Garrison Co., Inc., Case No. 04-03582-5-ATS (Bankr. E.D.N.C. 2004), the debtor-in-possession applied for the employment of an accountant. At the time of filing the petition, the debtor-in-possession owed the accountant $600.00. In the debtor-in-possession's application and the accompanying affidavit of the accountant, it was represented to the court that the pre-petition debt was in preparation for and contemplation of filing the Chapter 11 case. The debtor-in-possession specifically mentioned in its application to employ the accountant that courts

4

have been willing to allow debtors-in-possession to employ professionals where the claims result from services performed in contemplation of filing. While no formal objections were made, the Bankruptcy Administrator raised a concern regarding the pre-petition debt with the debtor-in-possession's attorney. Despite this pre-petition debt, the court authorized the employment of the accountant, deeming him "disinterested."

The third case that the debtor-in-possession cites does not effectively support its position because the dispute over pre-petition debt arose after the application for employment had been approved by the court. In In re Genesis Health & Fitness Club, Inc., Case No. 01-02965-5-ATS (Bankr. E.D.N.C. 2002), the affidavit accompanying the application to employ an attorney actually stated that no outstanding fees or expenses existed at the time of the debtor-in-possession's filing. Based on the representations made, the court authorized the employment of the attorney. Thereafter, the attorney sought approval for compensation. The Bankruptcy Administrator objected to the request for compensation, asserting that the trust account ledger revealed a post-petition draw on the retainer for pre-petition fees and expenses in the amount of $4,671.00. The Bankruptcy Administrator requested that the attorney waive the fees and expenses due at the time of filing. Significantly, the court awarded compensation without deducting the full amount of pre-petition debt.

While this court has not entered a written order expressly adopting the "in contemplation of filing" doctrine, it is undeniable that in both In re Johnson, Case No. 04-09864-8-JRL (Bankr. E.D.N.C. January 20, 2005) and In re W.E. Garrison Co., Inc., Case No. 04-03582-5-ATS (Bankr. E.D.N.C. 2004), the court approved the employment of a professional despite the pre-petition debt for services rendered in contemplation of bankruptcy. As set forth above, the Fourth Circuit has recognized § 327(a) as a per se

5

rule limiting the court's discretion. Harold & Williams Development Company, 977 F.2d at 909. However, it has never directly addressed or resolved the issue regarding whether fees exclusively for services related to the bankruptcy filing should preclude the employment of an attorney. In a per curiam opinion entered the same year as Harold & Williams Development Company, the Fourth Circuit addressed the disinterestedness of a debtor-in-possession's attorney, primarily focusing on the attorney's representation of other creditors in the bankruptcy case. Shuck v. Seminole Oil & Gas Corporaton (In re Seminole Oil & Gas Corp.), 963 F.2d 368 (4th Cir. 1992). Interestingly, in a footnote, the Fourth Circuit briefly addressed the plaintiff's allegations that the debtor-in-possession's attorney was also a creditor and not disinterested. It stated:

> Furthermore, although Shuck claims that Lampl, Sable is a creditor and hence not disinterested, he offers as evidence only general allegations. For example, Shuck does not mention whether the amount owed is due from legal fees arising from the bankruptcy proceedings or unrelated matters. Such a distinction is relevant. Without more, we are powerless to find any abuse of discretion.

963 F.2d 368, n.5 (4th Cir. 1992)(emphasis added). Such comments suggest that perhaps there is some leeway when dealing with an attorney that has strictly incurred debt related to the debtor's bankruptcy case. To preclude an attorney from appointment simply because he assisted the debtor in preparing its bankruptcy petition and accompanying papers seems quite absurd and somewhat contrary to the intentions of § 327. *See* In re Watson, 94 B.R. 111, 114 (Bankr. S.D. Ohio 1988).

The court has reviewed the itemized fees of Stubbs, the debtor-in-possession's application for employment, the accompanying affidavits, and the briefs filed in this case. Specifically, in its reply brief, the debtor states that Stubbs' pre-petition services fall into five general categories, including: "(1) discussions with the North Carolina State Bar and Lawyers Mutual; (2) preparing for the liquidation of the debtor's

6

remaining tangible assets; (3) investigating, verifying, and estimating the potential recovery from active cases; (4) liquidating and closing out client files; and (5) corresponding with creditors and other claimants." The brief further states: "Without these activities the Debtor would have been unable to determine its assets and liabilities and determine whether Chapter 11 was appropriate for this Debtor." These representations suggest that many of the itemized services occurred prior to the attorney knowing whether Chapter 11 was even a feasible option. The fees result from services that exceed the limited scope of the doctrine that this court recognizes. The court holds that, when approving an application for employment, any pre-petition debt must be relatively modest, traceable temporally to a short period of time before filing, and confined to activities surrounding preparation of the petition and accompanying papers—the bare-bone, routine, and necessary services for filing. Otherwise, this doctrine eviscerates the stern requirements of Section 327(a). Accordingly, to be deemed "disinterested" Stubbs must waive the pre-petition fees that fall outside the limited category of the described fees. Within ten days, the debtor-in-possession may amend its application to reflect either counsel's waiver of the pre-petition fees that exceed the scope of this court's ruling or counsel's unwillingness to do so. In the latter case, the application is denied.

**So Ordered.**

Dated: August 8, 2005

J. Rich Leonard
United States Bankruptcy Judge

7